IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ISHMAEL ARMAH | : | NO. 11-159-2 |

MEMORANDUM

Bartle, J.                                                                   November 14, 2011

      Before the court is the motion of defendant Ishmael Armah for reconsideration of his sentence imposed on October 19, 2011 for the crime of using a facility of interstate commerce in the commission of a murder-for-hire. See 18 U.S.C. § 1958. He seeks to have his sentence run concurrently rather than consecutively to a sentence he is presently serving.

I.

      Back on November 14, 2008, this court had sentenced Ishmael Armah for a second violation of the terms of his supervised release in a case related to bank fraud. United States v. Armah, Case No. 05-35 (D.N.J. Nov. 14, 2008). The court imposed six months of incarceration to be followed by three years of supervised release. Id. Armah was ordered to report to a federal corrections institution in Youngstown, Ohio on February 17, 2009, but he failed to surrender into federal custody as required. See Complaint dated May 28, 2009, United States v. Armah, No. 09-744 (D.N.J.); Plea Agreement dated Nov. 24, 2010, United States v. Armah, No. 09-744 (D.N.J.).

In September 2009, a grand jury in this district indicted Armah under 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(ii) for his failure to surrender into custody. Armah was arrested on that charge in February 2010 and made his initial appearance on March 5, 2010. This court ordered Armah to be detained pending disposition of the failure to surrender charge, and he was held at the Monmouth County Correctional Institution ("MMCI") in Freehold, New Jersey. United States v. Armah, No. 09-744 (D.N.J. Mar. 5, 2010).

On November 24, 2010, Armah reached a plea agreement with the government on the failure to surrender charge and entered a plea of guilty on January 25, 2011. This court sentenced Armah on March 23, 2011 to eighteen months in prison on the failure to surrender charge. See United States v. Armah, No. 09-744 (D.N.J. May 17, 2011). The court gave Armah a six-month credit on that sentence for time he served between February and August 2010. That credit satisfied the sentence for Armah's violation of the terms of his supervised release in the case related to bank fraud. Id.

During January and February 2011, while detained in MMCI, Armah used a facility of interstate commerce with the intent of committing a murder-for-hire, a violation of 18 U.S.C. § 1958. Armah's crime related to a conspiracy to murder the Chief Judge of this court, The Honorable Garrett E. Brown, Jr. Thus, Armah committed the crime at issue in this case after pleading guilty to the failure to surrender charge but before he was sentenced for that crime.

On October 19, 2011, Armah appeared before the court for sentencing on the charge of using a telecommunications facility in the commission of a murder-for-hire. Under the advisory Sentencing Guidelines, the court found Armah's total offense level to be 40 and his criminal history category as V. The advisory Sentencing Guidelines range was 360 months to life, well above the ten-year statutory maximum sentence. See 18 U.S.C. § 1958(a). After considering the factors under § 3553(a), the court imposed a ten-year term of incarceration to run consecutively to the sentence Armah is currently serving for failure to surrender. Armah's pending motion asks the court to reconsider imposition of a consecutive sentence and to impose instead a concurrent sentence.

II.

This court has discretion to impose a sentence in this case that is concurrent with or consecutive to Armah's sentence on the failure to surrender charge. See United States v. Velasquez, 304 F.3d 237, 242 (3d Cir. 2002). As set forth in 18 U.S.C. § 3584(a):

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively ....

In determining whether to impose a consecutive or concurrent sentence, the court considers the relevant portions of the advisory United States Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b); see United

States v. Fumo, 655 F.3d 288, 308 (3d Cir. 2011); see also United States v. Wilson, Case 10-2608, 2011 WL 2669097, at *1-*2 (3d Cir. July 8, 2011).

Section 5G1.3(a) of the Sentencing Guidelines states that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status)... the sentence for the instant offense shall be imposed consecutively to the undischarged term of imprisonment." Section 5G1.3(c) provides that the court may impose a sentence that is concurrent with, partially-concurrent with, or consecutive to the undischarged sentence "to achieve a reasonable punishment for the instant offense." Section 5G1.3(c) only applies if § 5G1.3(a) or (b) does not apply to a particular defendant.[1]

At the time Armah committed the § 1958 violation for which he was sentenced in this case, he had pleaded guilty to the failure to surrender charge but had not yet been sentenced for that crime. Accordingly, we will assume without deciding that § 5G1.3(a) is not the applicable Sentencing Guideline reference.

Armah argues that he is eligible for and should receive a concurrent sentence under § 5G1.3(c) of the Guidelines. In applying that section, the court must consider the factors in § 3584 (which references § 3553(a)). Under the Commentary to

---

1. Section 5G1.3(b) of the advisory Sentencing Guidelines describes circumstances in which it recommends a defendant receive concurrent sentences. Armah does not argue that § 5G1.3(b) applies to him.

§ 5G1.3(c), it should also take into account the type and length of the undischarged sentence, the time served on the undischarged sentence, the time likely to be served, whether the undischarged sentence was imposed by a state or federal court, and any other circumstances. U.S.S.G. § 5G1.3, comment. (n.3(A)). As stated on the record at the sentencing hearing, the court considered the relevant factors in § 3553(a) before imposing sentence. The decision whether to make the sentence concurrent or consecutive with another sentence is an integral part of the sentencing process. The reasons the court gave for imposing the statutory maximum term of imprisonment apply equally for imposing a consecutive sentence. The crime to which Armah pleaded guilty was a most serious one. While already in prison for a federal offense, he committed the crime in issue which related to an effort to murder Chief Judge Brown. The need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant called for the sentence imposed "to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c), p.s. In sum, evaluation of the advisory Sentencing Guidelines and commentary as well as all the relevant factors under § 3553(a) persuaded the court that a consecutive sentence was necessary to fashion a punishment that is sufficient but not greater than necessary.

      The motion of Armah for reconsideration of his sentence will be denied.